### No. 466
KARAYIANS v. STATE

Ohio Appeals, Seventh Dist., Trumbull County

CRIMINAL LAW—(1) Verdict not diturbed o weight of evidence—(2) Immaterial evidence o police officer, in absence of reversal—(3) Admis ently prejudicial to warrant reversal—(3) Admis sion against interest held to be competent becaus it is substantive testimony—(4) Attempt by cour in charge to give substance to GC. 12400 but fail ing to define "robbery" is error—(5) Failure o court to instruct jury as to effect of recommenda tion of mercy is error.

FARR, J.
(Pollock, P. J., Farr and Roberts, JJ.)
#### Epitomized Opinion

Error to Trumbull Court of Common Pleas. Reverse

At the trial of Karayians for first degree murde it developed that Gamble, the deceased, had requeste that a police officer be sent to a point near Gamble' farm to arrest Karayians, who was suspencted o stealing corn from Gamble. A police officer at tempted to make the arrest but while so doing wa shot and severely wounded and Gamble was killed It was for the murder of Gamble that Karayians wa tried. He was convicted in the lower court an prosecuted error to this court. Held by Court o Appeals in reversing judgment of conviction.

1. The verdict is not sufficiently against the evi dence to warrant a reversal on that ground.

2. Admission of testimony of a police office, al though the question was not in proper form, i not prejudicial error, especially in the absence o any objection or exception.

3. Admission of testimony of witness that de fendant admitted he shot deceased, is not error because such testimony was competent as an ad mission against interest and was substantive testi mony.

4. It is prejudicial error for the court to fail to instruct the jury as to the meaning of the word "robbery" when the court in its charge attempts to give the substance of GC. 12400.

5. Failure of the court to instruct the jury as to the effect of a recommendation for mercy is prejudicial error.

Attorneys—D. F. Anderson and J. Solon Ensohn, for Karayians; H. A. Burgess, for State.